Mr. Mitchell, nice to see you. Good morning, Your Honor. May it please the Court, Gregory Mitchell on behalf of Mr. Tyrone Johnson. Judge, this case really comes down to, from the facts as you laid out, the only potential defense that the defendant, Tyrone Johnson, had in this case. That's clearly laid out and it's not really contested by the government that this was a case that could easily be wedged into the federal statute of child pornography, but whether or not, in essence, was this a federal case that was intended by the statute in the case law. What I simply argued at trial, and I took a very careful look at whether or not I could even file a motion to dismiss on constitutional grounds, and the law was not in support of that. So the counter theory that I could possibly argue, and the only theory he really had at case, was whether or not this should be a federal case at all, given the understanding of the statute with the intent that's required, the international, or the interstate commerce connectedness of it. That was really the only argument that he had, and there was clear evidence. You aren't challenging the pattern instructions that were given, are you? No. You're saying some additional instructions should have been given? Yes, Your Honor. So you're fine with the patterns that were given? Yes, Judge. There was no basis to contest them, because essentially they were designed with the intent of the statute, which involved the facts. And is your argument that the law requires your client's personal actions to involve interstate commerce, or that the government didn't prove the interstate commerce element through the movement of the video or the device that was used? My argument at trial was just a little bit different, and I think Judge Simon picked up on it right away. My argument was not whether or not this particular individual and the evidence, because the phone was from Vietnam. I mean, that's it. But there wasn't any case law that simply said that was enough to affect commerce. We both argued that, we understood that, that if that was the only connection to interstate commerce, that would likely not have been enough, because there was not enough case law to support the very fact that every single cell phone in the United States is not made in the United States. Somehow, if any offense involves a cell phone, that that would be sufficient as a nexus to interstate commerce. Does it U.S. v. Foley support that? It argued, essentially, that that wasn't alone. It was one of several factors, and that's the issue that I indicated, Judge, is that when you look at, essentially, the intent of the statute, the child pornography statute in this case, talks about development of child pornography intended to be used or distributed beyond, and there's cases that we were looking at that when the courts looked at what we considered non-distribution or economically motivated pornography that was sort of incest or some other type of personal kind of, that the statute really wasn't designed to try to punish that behavior. Clearly it could, but that was not what the statute was intended for. So my purpose in asking for these additional instructions was to allow the jury to understand that distinction, and clearly the district court said, I don't have to do that. The law, that's, I could, but I don't have to. And my argument is, Edwards, pretty much, from this court, which has not been argued against, pretty much says, is that the defendant is entitled to his theory of defense if the instructions that they are offering are consistent with the law, and in fact, it's a theory that's not being presented from the government's instructions. And so what I was simply trying to argue was that my instructions characterize the offense, that the character of this offense was different than the way the offenses were being characterized by the government, and essentially I was asking for the jury to be allowed to consider the character, and in this case, Judge Simon, in fact, sort of split the baby. He basically said, I'm not going to give you your instructions, but I'm going to let you argue it. And he did, and I argued it in closing, as pointed out in the government's brief, but I think that not allowing those possession instructions in particular, and with respect to Mr. Tyrone Johnson's intent with respect to having the phone when he crossed state lines, not to produce or distribute pornography, not to sell it anyway, but just that it's on his phone. And I think that the critical piece of evidence that was developed by the government that I cited was that when it was initially examined by their expert, that phone, the conclusion was, this was not a case that indicated child pornography. That's what the expert initially decided when they reviewed the phone. It was later, once it was evaluated in terms of the thumbnails and some other things, that it could be, because there's something on the phone that indicates that it was there before it was, and so therefore, even though it was never distributed, it was never intended to be distributed by anyone, the very fact that there's remnants of it on the phone, and the phone had actually been carried by Mr. Johnson on his person, as a personal phone usually is, from one state to the other, that additional nexus was enough. Accepting your argument, your proposed instruction number three asked the court to instruct the jury that in order to prove interstate commerce, they had to find that the defendant knowingly traveled in interstate or foreign commerce, and did so for the purpose of distribution of the visual images. How does that support even what you're saying? The law is crystal clear that the defendant doesn't have to travel in interstate commerce. This is true, Judge, and again... That would be counter to the law. That would misrepresent the law about how you establish the interstate commerce. I understand with respect to the cases dealing with child pornography distribution. That is correct. When the facts indicate that the government doesn't, when it involves conduct other than the defendant, those cases say the government doesn't have to prove it. I think the problem with your argument is when you look at the elements of 2251A, which your client was convicted of producing child pornography, and then you look at Instruction 17 as it was given, in particular Paragraph 3 of Instruction 17, it aligns with the elements of the statute. That's probably why it's in the pattern instructions, because what it says is that it was a child that had been transported in or affecting interstate commerce. That's the problem that you recognized at the beginning. The cell phone comes from out of state. You're absolutely right, Judge, and I recognize that as well. If that's the end of the game, then there's nothing to argue. Your proposed Instruction 3 would allow the jury to acquit the defendant, even if the image that was produced went across state lines, but the defendant didn't. I think even you standing here would agree that's not the law. No, it isn't, Judge. My instructions in reliance on Edwards was really to tailor these additional instructions for the facts of this case. I wasn't trying to charge or argue against the defendant from the pattern instructions. I was trying to expand based on my theory and the only theory that the defendant actually had to allow the jury to consider that. Again, I think Judge Simon understood that that was pretty much all I had and that was the only basis to which to argue with Edwards, but he was not going to sanction the court to allow the jury or instructions to do that. I think, Judge, that given the unique facts of this case, they have to admit that the Vietnam issue wasn't enough. It was the actual carrying. I think that given... Hold on. Why do they have to admit that, given the way Congress drafted 2251A? We'll see what Mr. Whelan says, whether they have to admit that or not, but that seems odd to me because it seems at direct odds with the text of the statute. I think what I'm speaking to, Judge, again, is not what the pattern says. I'm looking at the facts in this case. I think that the government knew in this particular case that if that was the only nexus, then my argument would have been strong. They'd strengthened it, of course, by arguing the alternative theory, and because of that, I felt the only defense that I possibly could argue was the character, and I understand, but... Let's see what Mr. Whelan says. You reserved some time for rebuttal. We'll give you a minute on rebuttal. I didn't. I didn't reserve any time, Judge. Well, okay. All right. Well, if you want a minute or so after Mr. Whelan goes, you're welcome to have it. If not, you can waive it. Thank you, Judge. Okay. You're welcome. Mr. Whelan, good morning. Good morning. May it please the Court. Nathaniel Whelan here on behalf of the United States of America. The District Court did not err in giving the pattern instructions in this case. It did not err by failing to give the defendant's proposed instructions. The defendant wasn't prevented from presenting his defense, and he was not deprived of a fair trial. I guess let's pick up where we left off, and, Judge Scudder, I think you correctly predicted my position. We do not concede the maid in Vietnam wasn't sufficient to satisfy 2251. I guess that's too many negatives. Stated positively, the fact that the phone involved materials that have been transported in interstate commerce fits squarely within this statute. That's what Worley said, what this Court said in Worley. It's what the 11th Circuit said in the case that overrules defendant's proposed instruction number one. The fact that you use a device that has parts that were made from a different state is sufficient to violate 2251. It follows from the text of the statute. The only argument available is that the statute is unconstitutional, that it exceeds commerce or foreign commerce power, and that's a hard argument to make under the current law. It's one that this Court's rejected. It's one defendant explicitly disclaimed when he was asking for these proposed jury instructions. He said, I'm not challenging the constitutionality of the statute, and I understand that. He's got a heavy road to hoe if he wants to make that argument. I think the problem with the instructions in this case, though, are that they did kind of implicate the Commerce Clause analysis, which isn't an appropriate consideration for the jury. We don't want the jury considering whether the defendant's conduct presented a substantial effect on interstate commerce, because that's not the question. And they're legally wrong. I think that's certainly the first three. That's correct, Your Honor. I think four and five are a correct statement of the Commerce Clause. One, two, three, and four are incorrect. I'm sorry, one, two, and three are legally wrong. I will say three is not legally wrong as it relates to 1465, and that's, I think, where the confusion comes in. The Court's pattern instructions reference 2251 to look for defined interstate, foreign, and commerce. And that's what this Court did. I'm sorry, that's what Judge Simon did. That's on Defendant's Appendix 11. What this proposed instruction does is go one step further, and it takes the elements from the 1465 offense. And if you look at this proposed instruction next to 1465, they're identical, because this is the correct instruction for 1465. But that wasn't charged here. That was not charged here. Correct, Your Honor. And so that's legally wrong as applied to this case. And that is the problem with these instructions. Ignoring the fact that four and five are correct statements of the Commerce Clause analysis, that's not a question for the jury. One, two, and three are legally wrong as applied to the facts of this case. And that's why the Court properly declined to give the instructions. As defense notes, though, he was able to make the argument that he wants to make. He was able to quote extensively from his proposed instruction number four during closing arguments. And I will say Mr. Mitchell did what he could with the case that he had. And I don't mean to be disparaging of the instructions. I understand sometimes you're up against really bad evidence. You do what you can. I think this was a valiant effort to maybe try to make an argument that there was no Commerce Clause element here because there was nothing else to do. The defendant is caught on camera sexually assaulting a nine-year-old. The phone is stamped Made in Vietnam. And he literally carries it from one state to another. I mean, there's no daylight in the elements there. And that's why he was also not deprived of a fair trial. The evidence of guilt was overwhelming. He was able to present his defense. And there was no error here. Unless this Court has any questions, we would ask you to affirm Mr. Johnson's conviction. Thank you. Mr. Whalen, thanks to you. Mr. Mitchell, anything you want to add? Okay. We very much appreciate your advocacy. We know you took this case on appointment. And we appreciate your service very much to your client and to the Court. Thank you.